```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X
MASQ MARKETING, INC.

        Plaintiff,              12 Civ. 4717 (DLC)

        -against-

RENUEN CORPORATION,
BELVEDERE GLOBAL STRATEGIES,
PRINCETON CORPORATE SOLUTIONS
and JAMES SCOTT BROWN,

        Defendants.
- - - - - - - - - - - - - - - -X
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JAMES SCOTT BROWN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) & (6) FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**

```
                                Roland R. Acevedo (RA 8915)
                                Scoppetta Seiff Kretz &
                                  Abercrombie
                                444 Madison Ave, 30th floor
                                New York, New York 10022
                                (212) 371-4500

                                Counsel for Defendants
```

**Table of Contents**

Preliminary Statement ........................................... 1
Statement of Facts ............................................. 2
Argument ....................................................... 4
Point I ........................................................ 4

    PLAINTIFF FAILS TO STATE A CLAIM UNDER NEW YORK LAW AGAINST
    DEFENDANT JAMES SCOTT BROWN SINCE THE COMPLAINT DOES NOT
    ALLEGE THAT HE AGREED TO BE PERSONALLY LIABLE FOR THE DEBTS
    OF THE BUSINESS ENTITIES; ACCORDINGLY, THE COURT SHOULD
    GRANT DEFENDANT'S 12(b)(6) MOTION. ......................... 4

Point II ....................................................... 9

    PLAINTIFF HAS FAILED TO ESTABLISH THAT THIS COURT HAS
    PERSONAL JURISDICTION OVER DEFENDANT SCOTT; ACCORDINGLY,
    THE COURT SHOULD GRANT DEFENDANT'S 12(b)(2) MOTION. ........ 9

Conclusion ................................................... 14

## **Table of Authorities**

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) .......................... 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............. 4, 5

*Biro v. Conde Nast*, 11 Civ. 4442,
  2012 WL 3264059 (S.D.N.Y. Aug. 9, 2012) ...................... 5

*Briese Lichttechnik Vertriebs v. Langton,* 09 Civ. 9790,
  2010 WL 4615958 (S.D.N.Y. Nov. 9, 2010) ................. 10, 11

*Chaplin v. Kido Indus. Co., Ltd.,* 10 CV 05711,
  2011 WL 2421309 (S.D.N.Y. June 7, 2011) ................. 11, 14

*Conyers v. Rossides,* 558 F.3d 137 (2d Cir. 2009) ............... 9

*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) .............. 5

*Gordon v. Teramo & Co., Inc.* 308 A.D.2d 432 (2d Dep't 2003) .... 6

*Gorta v. Capala Bros., Inc.,*
  257 F.R.D. 353 (E.D.N.Y. 2009) ............................... 1

*Grand River Enterprises Six Nations Ltd. v. Pryor,*
  425 F.3d 148 (2d Cir. 2005) .................................. 9

*Karabu Corp. v. Gitner,*
  16 F. Supp.2d 319 (S.D.N.Y. 1998) .................... 9, 11, 12

*Kinectic Instruments v. Lares*,
  802 F. Supp. 976 (S.D.N.Y. 1992) ............................ 12

*Krauss v. Manhattan Life Insurance Co. of New York*,
  643 F.2d 98 (2d Cir. 1981) ................................... 5

*Limarvin v. Edo Restaurant Corp.*, 11 Civ. 7356,
  2012 WL 3297734, (S.D.N.Y. Aug. 10, 2012) .................... 4

*Mangia Media Inc. v. University Pipeline, Inc.*,
  846 F. Supp. 2d 319 (E.D.N.Y. 2012) ......................... 10

*McKay v. Communispond, Inc.,*
  581 F. Supp. 801 (S.D.N.Y. 1983) ............................. 5

*Metropolitan Switch Board Co. v. Amici Assoc., Inc.*,
  20 A.D.3d 455 (2d Dep't 2005) .............................. 6, 8

*Ontel Products, Inc. v. Project Strategies Corp.*,
  899 F. Supp. 1144 (S.D.N.Y. 1995) ............................ 12

*Pilates, Inc. v. Current Concepts*, 96 Civ. 0043,
  1996 WL 599654 (S.D.N.Y. Oct. 18, 1996) ...................... 12

Ricciuti v. New York City Transit Auth.,
 90 Civ. 2823, 1991 WL 221110 (S.D.N.Y. Oct. 3, 1991) ..........1

*Salzman Sign Co. v. Beck*, 10 N.Y.2d 63 (1961) ............... 6, 8

*Savoy Record Co. v. Cardinal Export Corp*,
  15 N.Y.2d 1 (1994) ....................................... 6, 8

*Westminster Construction Co. v. Sherman*,
  160 A.D.2d 867 (2d Dep't 1990) ............................... 8

**Rules**

C.P.L.R. § 302(a)(1) .......................................... 10

**Preliminary Statement**

Defendant James Scott Brown ("Scott")[1] submits this memorandum of law in support of his motion, pursuant to Federal Rules of Civil Procedure 12(b)(2) & (6), to dismiss the complaint on the ground that the Court lacks personal jurisdiction over defendant Scott and plaintiff has failed to state a claim against Scott upon which relief can be granted.[2]

The complaint alleges causes of action for Breach of Contract, Unjust Enrichment and Goods and Services Sold and Delivered against RenuEn Corporation, Belvedere Global Strategies and Princeton Corporate Solutions (hereinafter "the business entities"). Scott, the alleged "owner and officer" of the business entities, is named as a defendant in the Unjust Enrichment and Goods and Services Sold and Delivered claims. Plaintiff MASQ Marketing, Inc. ("MASQ") contends that Scott, in his capacity as a corporate officer of the three business entities, asked MASQ to provide marketing services to his businesses. Plaintiff does not allege, nor could it, that Scott

---

[1] James Scott Brown is defendant's legal name. In the business world, defendant is commonly known as James Scott.

[2] The remaining defendant business entities have not filed a motion to dismiss and will answer the complaint when the Court disposes of the instant motion. It is well settled that the filing of a partial motion to dismiss suspends the time to answer those claims that are not subject to the motion. *See, e.g. Gorta v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009); *Ricciuti v. New York City Transit Auth.*, 90 Civ. 2823, 1991 WL 221110, at *2 (S.D.N.Y. Oct. 3, 1991).

entered into any written or oral contracts in which he agreed to be personally liable for the debts of the various business entities.

Under New York law, it is well settled that an individual who enters into an agreement in his capacity as an officer or agent of a corporation is generally not subject to personal liability for the corporation's debts. Here, plaintiff does not allege that Scott agreed to be personally responsible for the debts of any of the business entities. Accordingly, plaintiff has failed to state a claim against defendant Scott under New York law. Plaintiff has also failed to establish that this Court has personal jurisdiction over Scott under New York's long arm jurisdiction statute.

### Statement of Facts

MASQ is a New York corporation that is owned and controlled by Hanna Shin, the ex-paramour of defendant Scott. Scott Aff. in Support of Motion to Dismiss ("Scott Aff.") ¶ 3.  Ms. Shin and Scott were involved in an intimate relationship that lasted approximately eight months. *Id.* During the relationship, Ms. Shin resided in a Madison Avenue apartment in Manhattan, the same address that is listed on the Department of State's website as the principal office for MASQ Marketing. *Id.*  At times during the relationship, Scott would stay at Ms. Shin's apartment during his trips to New York City.  Scott Aff. ¶ 4. In its

2

complaint, plaintiff fails to disclose the relationship between Ms. Shin and Scott and, instead, falsely alleges that MASQ "provided lodging and office space" to Scott. Compl. ¶ 24.

Plaintiff also contends that the business entities and Scott utilized the services of MASQ for "image consultancy" and that MASQ paid "expenses on behalf of Scott to assist him in maintaining his corporate image, including paying for airfare, hotel, other travel expenses, wardrobe [and] tattoos . . . ." Compl. ¶ 39. Plaintiff also alleges that it disbursed money for expenses for meals, alcohol and cigars for the defendants. *Id.*

Once again, what plaintiff fails to disclose to the Court is that the alleged expenses for airfare, hotel, travel expenses, tattoos, wardrobe, meals, alcohol and cigars had no business purpose and were for expenses that were incurred when Ms. Shin and Scott were involved in a relationship. For example, the alleged expenses for airfare, hotel and travel expenses were incurred when the couple took personal trips to Mexico and Bermuda. Scott Aff. ¶ 6. The alleged expenses for meals, alcohol, cigars, tattoos and wardrobe were also personal expenses or gifts from Ms. Shin to Scott and had nothing to do with MASQ providing alleged services to any of the business entities. *Id.*

What this case represents is Ms. Shin's attempt, through the company she owns and controls, to extort money from Scott

3

for ending their relationship. After Scott ended his relationship with Ms. Shin, she continued to contact him and made threats against his family and businesses unless he agreed to pay her significant amounts of money. Scott Aff. ¶ 7.  Scott felt threatened, filed a family offense petition in the New York County Family Court and obtained a temporary order of protection against Ms. Shin. *Id.* ¶ 8.  A short time after Scott filed the Family Court action, MASQ filed the instant claims in federal court. *Id.*

## Argument

### Point I

**PLAINTIFF FAILS TO STATE A CLIAM UNDER NEW YORK LAW AGAINST DEFENDANT JAMES SCOTT BROWN SINCE THE COMPLAINT DOES NOT ALLEGE THAT HE AGREED TO BE PERSONALLY LIABLE FOR THE DEBTS OF THE BUSINESS ENTITIES; ACCORDINGLY, THE COURT SHOULD GRANT DEFENDANT'S 12(b)(6) MOTION.**

A. The Applicable Legal Standards

To defeat a motion for dismissal under Rule 12(b)(6), a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Limarvin v. Edo Restaurant Corp.*, 11 Civ. 7356, 2012 WL 3297734, at *1 (S.D.N.Y. Aug. 10, 2012), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the complaint contains sufficient facts to allow the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009); *Biro v. Conde Nast*, 11 Civ. 4442, 2012 WL 3264059, at *7 (S.D.N.Y. Aug. 9, 2012).

As the Supreme Court noted in *Twombly*, "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant acted unlawfully." *Twombly,* 550 U.S. at 570. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* When deciding a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded factual allegations and it must draw all inferences in plaintiff's favor. *Biro*, 2012 WL 3264059, at *7.

When an action is based on diversity jurisdiction, the district court must apply the substantive law of the forum state. *Krauss v. Manhattan Life Insurance Co. of New York*, 643 F.2d 98, 100 (2d Cir. 1981), *citing Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see also McKay v. Communispond, Inc.,* 581 F. Supp. 801, 806 n.4 (S.D.N.Y. 1983) (in diversity actions federal courts must apply the substantive law of the state in which it sits). Here, the complaint alleges that MASQ, a New York corporation, entered into contracts with the defendant business entities that require the agreements to

5

be governed and interpreted in accordance with New York law. Compl. ¶¶ 2, 13-15. Accordingly, the Court should apply New York law when determining if plaintiff has alleged a claim against Scott under New York law.

B. <u>Plaintiff has Failed to State a Claim Under New York Law</u>

Under New York law, it is well settled that an individual who signs a corporate contract in his capacity as an officer or agent of the corporation and indicates the nature of his representative capacity is generally not subject to personal liability. *See, e.g., Savoy Record Co. v. Cardinal Export Corp*, 15 N.Y.2d 1, 6 (1994)(corporation that signed contract on behalf of another company not liable); *Salzman Sign Co. v. Beck*, 10 N.Y.2d 63, 67 (1961)(individual not personally liable for signing contract on behalf of corporation); *Metropolitan Switch Board Co. v. Amici Assoc., Inc.,* 20 A.D.3d 455, 456 (2d Dep't 2005)(defendants entitled to summary judgment since they executed contracts as corporate officers and without any intent to become personally liable; *Gordon v. Teramo & Co., Inc.* 308 A.D.2d 432, 433 (2d Dep't 2003)(principals of corporation are not liable for the corporation's contracts).

Here, it is clear from the complaint that any contract that Scott allegedly signed was signed in his capacity as an officer or agent for the three business entities. Plaintiff alleges that defendant Scott is an "owner and officer of Belvedere, Princeton

6

and RenuEn" and controls each company. Compl. ¶¶ 6, 17. The complaint further alleges that on or about May 29, 2011, "James Scott, a *corporate officer of defendants Belvedere, Princeton and RenuEn,* requested that MASQ provide marketing services" for his respective companies. Compl. ¶ 16 (emphasis added). The complaint also alleges that Belvedere, Princeton and RenuEn (not Scott) entered into contracts with MASQ, and that MASQ provided services to the corporations. Compl. ¶¶ 22-28.

With respect to the alleged monies owed to MASQ, plaintiff alleges that it issued an invoice to Belvedere and Princeton for $27,500, and that RenuEn proposed and committed to a revised payment schedule for an outstanding debt of $19,000. Compl. ¶¶ 26, 32. Plaintiff further alleges that Scott and the business entities "received goods and services from MASQ pursuant to the Belvedere Contract, Princeton Contract and RenuEn Contract and the business relationships between the parties." Compl. ¶ 59. The complaint does not allege that any invoices were issued to Scott, that he agreed to be personally liable for the alleged outstanding debts of the business entities, or that he received any services or goods in his personal capacity.

It is clear from the allegations in the complaint that MASQ did not provide any personal services to Scott, and that any monies owed or services provided were pursuant to the alleged contracts between MASQ and the three business entities. The

7

parties to the alleged contracts are the business entities and MASQ, and plaintiff states that Scott was acting in his capacity as a corporate officer when he requested MASQ's services for his companies. According to the complaint, the "image consultancy" services allegedly provided to Scott were done to "assist him in maintaining his corporate image" in "connection with his roles with Defendants Belvedere, Princeton and RenuEn," and the alleged disbursements were for "client entertainment expenses for meetings and business development engagements" for the corporations.  Compl. ¶ 39.  None of the alleged services, goods or expenses was for Scott's personal use or gain.

Plaintiff does not allege, nor could it, that Scott agreed to be personally liable for the contracts that the three business entities allegedly had with MASQ. In the absence of any allegation or documentary proof annexed to the complaint that establishes that Scott agreed to be personally liable for the alleged debts of the business entities, the causes of action that seek to hold Scott liable in his individual capacity for the alleged debts of the business entities must be dismissed. *See Savoy,* 15 N.Y.2d at 6; *Salzman*, 10 N.Y.2d at 67; *Metropolitan Switch Board Co.*, 20 A.D.3d at 455-56; *see also Westminster Construction Co. v. Sherman*, 160 A.D.2d 867, 868 (2d Dep't 1990)(corporate officers may not be held personally liable

8

on contracts of their corporations, provided they did not purport to bind themselves individually under such contracts).

In sum, plaintiff fails to allege a claim against defendant Scott under New York law because the complaint does not allege that Scott agreed to be personally liable for the debts of the three business entities. Plaintiff also alleges that the services and goods provided and the disbursements made to Scott were done in his capacity as a corporate officer and not in his individual capacity. Accordingly, the Court should dismiss the Third and Fourth Causes of Action against Scott.

## Point II

**PLAINTIFF HAS FAILED TO ESTABLISH THAT THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT SCOTT; ACCORDINGLY, THE COURT SHOULD GRANT DEFENDANT'S 12(b)(2) MOTION.**

When a defendant files a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. *Conyers v. Rossides,* 558 F.3d 137, 143 (2d Cir. 2009); *Grand River Enterprises Six Nations Ltd. v. Pryor,* 425 F.3d 148, 165 (2d Cir. 2005). Personal jurisdiction over a non-domiciliary in a diversity case is determined according to the laws in which the district court sits, in this case New York. *Karabu Corp. v. Gitner*, 16 F. Supp.2d 319, 322 (S.D.N.Y. 1998).

Courts generally apply a two-step analysis to determine

whether personal jurisdiction exists in federal court in New York over a non-domiciliary. First, the district court must apply New York's long arm statute and, if that statute is satisfied, the court must then examine if the exercise of jurisdiction comports with due process under the 14th Amendment. *Mangia Media Inc. v. University Pipeline, Inc.*, 846 F. Supp. 2d 319 (E.D.N.Y. 2012); *Chaplin v. Kido Indus. Co., Ltd.,* 10 CV 05711, 2011 WL 2421309, at * 2 (S.D.N.Y. June 7, 2011).  New York's long arm statute provides that a court may exercise personal jurisdiction over a non-domiciliary who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state. C.P.L.R. § 302(a)(1).

An individual's status as a corporate officer by itself is insufficient to confer personal jurisdiction over the individual. *Briese Lichttechnik Vertriebs v. Langton,* 09 Civ. 9790, 2010 WL 4615958, at *3 (S.D.N.Y. Nov. 9, 2010). However, a corporate officer may still be subject to personal jurisdiction under New York's long arm statute if the plaintiff can establish that "the transaction at issue performed by the corporation was within the knowledge and consent of the officer and the officer exercised control over the corporation in the transaction." *Id.* A plaintiff makes a prima facie showing of "control" where it details the defendant's conduct so as to persuade the district

10

court that the officer was a "primary actor" in the transaction in question. *Id., citing Karabu,* 16 F. Supp.2d at 324.

Plaintiff has failed to establish that this Court has personal jurisdiction over Scott, a resident of Pennsylvania. Compl. ¶ 6. Plaintiff's basis for contending that this Court has jurisdiction over Scott is that he is a "corporate officer" of the three defendant business entities and he "conducts business in New York and has so conducted business in New York." Compl. ¶ 10. Plaintiff does not contend, nor could it, that Scott consented to jurisdiction in New York by entering into a contract with MASQ in his personal capacity. The complaint is also devoid of any details that are required to show that Scott was the "primary actor" in the various transactions alleged in the complaint and that he "controlled" the business entities. *See Karabu,* 16 F. Supp.2d at 324.

In *Karabu*, plaintiffs alleged a claim of tortious interference of contract. The defendants, six senior officers of Trans World Airline ("TWA"), moved to dismiss the complaint on the ground of lack of personal jurisdiction. The plaintiffs in *Karabu* did not contend that the TWA officers personally engaged in business in New York sufficient to confer jurisdiction over them in their personal capacities. Rather, they argued that the district court nevertheless had jurisdiction over the officers under New York's long arm statute based on a theory agency.

11

*Karabu*, 16 F. Supp. 2d at 323. Plaintiffs contended that since New York courts had jurisdiction over TWA, jurisdiction could be imputed to the corporate officers because they acted as TWA's agents when they threatened and coerced New York travel agents. *Id.*

The district court rejected plaintiffs' argument and granted defendants' Rule 12(b)(2) motion to dismiss. The court found that the plaintiffs failed to establish that the out-of-state TWA corporate officers were the primary actors in the transactions in New York that gave rise to the litigation. *Karabu*, 16 F. Supp.2d at 323. The court also held that plaintiffs failed to establish that the TWA officers exercised control over the actions committed by the corporation's personnel. *Id.* at 324. The court noted that plaintiffs failed to sufficiently detail the defendants' conduct to persuade the court that the officers were the primary actors in the conduct alleged.

The court also held in *Karabu* that control cannot be based merely on a defendant's title and upon conclusory allegations that the defendant controls the corporation. *Id.; see also Pilates, Inc. v. Current Concepts*, 96 Civ. 0043, 1996 WL 599654, at 3 (S.D.N.Y. Oct. 18, 1996)(allegation that officer controls a corporation is not sufficient to confer personal jurisdiction); *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F. Supp.

12

Case 1:12-cv-04717-DLC   Document 9   Filed 08/19/12   Page 17 of 18

1144, 1148 (S.D.N.Y. 1995)(individual who owns corporation generally not subject to personal jurisdiction as a result of corporation's activities unless the corporate veil can be pierced or the corporation acted as an agent for the owner); *Kinectic Instruments v. Lares*, 802 F. Supp. 976, 984 (S.D.N.Y. 1992) (individual officers not subject to jurisdiction in New York merely because New York has jurisdiction over corporation).

The facts here are analogous to *Karabu*. The complaint does not allege that Scott engaged in any business activities in his personal capacity in New York. On the contrary, as more fully set forth in Point I *supra*, the complaint alleges that Scott acted in his capacity as an officer of the business entities when he allegedly dealt with MASQ. The complaint is devoid of any factual details to establish that Scott was the primary actor in the alleged transactions, that he controlled the business entities or that any of the alleged transactions actually took place in New York.

Since Scott did not enter into a written contract with plaintiff that contained a jurisdiction clause, plaintiff must establish that Scott personally transacted business in New York. In the absence of any such allegations in the complaint, plaintiff has failed to establish that this Court has long arm jurisdiction over defendant Scott. Because plaintiff has failed to establish personal jurisdiction over Scott under New York

law, this Court need not address the issue of whether the exercise of personal jurisdiction would offend due process. *See Chaplin,* 2011 WL 2421309, at * 4. Accordingly, the Rule 12(b)(2) motion should be granted and defendant Scott should be dismissed from this action.

## Conclusion

For the foregoing reasons, defendant Scott's motion should be granted, the Third and Fourth causes of action should be dismissed against Scott, and the Court should grant such other and further relief as it deems just and proper.

Dated: New York, New York
       August 18, 2012

                         Respectfully submitted,

                         /s/

                         Roland R. Acevedo (RA 8915)
                         Scoppetta Seiff Kretz & Abercrombie
                         444 Madison Ave, 30th floor
                         New York, New York 10022
                         (212) 371-4500

                         Counsel for Defendants