UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X
MASQ MARKETING, INC.

       Plaintiff,                12 Civ. 4717 (DLC)

       -v-

                              **AFFIDAVIT IN SUPPORT OF**
RENUEN CORPORATION,          **DEFENDANT SCOTT'S MOTION**
BELVEDERE GLOBAL STRATEGIES,   **TO DISMISS**
PRINCETON CORPORATE SOLUTIONS
and JAMES SCOTT BROWN,

       Defendants.
- - - - - - - - - - - - - - -X

    JAMES SCOTT BROWN, pursuant to 28 U.S.C. § 1746,
declares under penalty of perjury that the following is
true and correct:

    1.  I am a defendant in the above-captioned action,
and I submit the affidavit in support my motion to dismiss
the causes of action against me for failure to state a
claim under New York Law and lack of personal jurisdiction.
I am fully familiar with the facts and circumstances
alleged in the complaint.

    2.  I am a corporate officer of RenuEn Corporation,
Belvedere Global Strategies and Princeton Corporate
Solutions, the three business entities named as defendants
in this action.

    3.  The plaintiff, MASQ Marketing, Inc., is a
corporation that is owned and controlled by Hanna Shin. I

was involved in a personal relationship with Ms. Shin from in or about October 2011 through April 2012. The address that is listed on the New York Department of State's website for MASQ is the same Madison Avenue apartment in which Ms. Shin currently resides.

4.  During the time that I was involved in a relationship with Ms. Shin, I stayed at her apartment during periodic trips that I made to New York City. Contrary to the allegations in the complaint, MASQ never provided any of the defendant business entities or me with office space or lodging.

5.  I have never conducted any business in New York with MASQ in my personal capacity. Any business dealings that I may have had with Ms. Shin and her company were always in my capacity as an officer of one of the defendant business entities.

6. MASQ contends that it incurred expenses by providing the business entities and me with airfare, hotels, meals, alcohol, cigars and tattoos. MASQ never provided me with any goods or services in my personal capacity. Furthermore, the alleged disbursements made for the above items had nothing to do with business. Upon information and belief, I believe that the airfare that MASQ seeks reimbursement for was for personal trips that

Ms. Shin and I took to Mexico and Bermuda. The same applies to the alleged expenses for meals, alcohol and cigars, which were personal expenses that were incurred in connection with our relationship. As for the alleged disbursements for tattoos, I do not understand how plaintiff can contend that any tattoos that I got during my relationship with Ms. Shin were part of plaintiff's developing my "corporate image."

7. Near the end of my relationship with Ms. Shin, I learned from reading a decision by the State of New York, Division of Tax Appeals, that on June 27, 2007, Ms. Shin pled guilty in the New York County Supreme Court to Grand Larceny in the Third Degree for embezzling $449,064 from Fusebox, Inc., her former employer. The tax decision also stated that Ms. Shin used a marketing company that she owned, Paradigm Marketing, as part of the embezzlement scheme. I became alarmed when I learned this because Ms. Shin had been repeatedly demanding exorbitant amounts of money from me for alleged "business matters" involving a new marketing company that she owned. During our relationship, I paid Ms. Shin tens of thousands of dollars for alleged "business services" that she never provided for the three business entities.  When I refused to pay Ms. Shin any more money and ended our relationship, Ms. Shin

threatened to contact the shareholders of the three
business entities and send them partially nude pictures of
me. She also told me that she knew where my son attended
school and that she contacted my son's school on numerous
occasions.

8.   I considered Ms. Shin's actions to be threatening
and I filed a Family Offense petition in the New York
County Family Court (Docket No. O-21029/12). The Family
Court issued a temporary order of protection that required
Ms. Shin to stay away from my family and me. Shortly after
I filed the Family Court action, Ms. Shin filed the instant
federal action in the name of MASQ Marketing.

9. I never contracted with MASQ to obtain any services
in my individual capacity. I have also never engaged in
business transactions in New York with MASQ in my
individual capacity. MASQ also never made any disbursements
on my behalf.

Dated: August 18, 2012


                                        /s/
                        _____
                            James Scott Brown